UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 1970, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,<br><br>Defendant. | Case No. 2:22-cv-00056 |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the Act), 29 U.S.C. §§ 481-483, for a judgment declaring that the December 15, 2020 election of union officers conducted by Local 1970, International Longshoremen's Association (Defendant or Local 1970), for the offices of President, Vice President, Recording Secretary, Secretary Treasurer, Delegate to District Council, Chaplain, Inner Guard, and Sergeant-at-Arms is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Martin J. Walsh is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office in Norfolk, Virginia, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. At the time of the election, Defendant had approximately 265 members.

8. The members are maintenance and repair technicians who primarily work for four employers covered by the Hampton Roads Shipping Association.

9. Defendant elects its officers every 3 years, which include the positions of President, Vice President, Recording Secretary, Secretary Treasurer, Delegate to District Council, Chaplain, Inner Guard, and Sergeant-at-Arms.

10. Article VII, Section 3 of Local 1970's Bylaws states: "The Local shall appoint an Election Committee of three (3) members, whose duties shall be to investigate the nominees and report the qualifications of each to the Local. This shall be done at the Nomination Meeting by moving the nomination up to the order of business to provide time for the committee to investigate and report their findings on the eligibility and qualifications of the candidates at the same meeting."

11. Article VII, Section 3 of Local 1970's Bylaws states that the qualifications for candidates include being "[a] member in good standing of [the] local union for at least one (1) year proceeding the date of his nomination."[1]

12. Article IV, Section 5(a) of Local 1970's Bylaws provides that "[a]ny member who has not worked within a three (3) month period shall pay a fee of $35.00 per quarter not worked."

13. Local 1970 interprets the above provision as requiring payment of the $35.00 inactive fee by the last day of each quarter not worked.

14. Article IV, Section 5(b) of Local 1970's Bylaws states: "Any member who is thirty (30) days or more in arrears in the payment of dues or fails to pay the fee shall be automatically, and without notice, suspended from all rights and privileges of membership. Any member who is eighty (80) days or more in arrears in the payment of dues shall be given written notice that failure to pay within ten (10) days shall mean automatic expulsion; and upon his/her failure to pay within such ten (10) days, he/she shall be automatically, and without further notice expelled and dropped from the Local."

15. Local 1970 interprets the above provision as providing a 30-day grace period for payment of the inactive fee before a member is no longer in good standing.

16. As such, Local 1970 interprets its Bylaws to mean that a member would fall out of good standing if they paid the inactive fee more than 30 days after the last day of each quarter not worked.

17. A member who has failed to pay the inactive fee and/or dues on time and has so fallen out of good standing is referred to herein as being "delinquent."

---

[1] Plaintiff understands the term "proceeding" in this provision of the Bylaws to be a scrivener's error and that the drafters of the Bylaws intended to use the term "preceding."

3

18. Local 1970 conducted an election of officers in 2011, and held a meeting for the nomination of candidates on November 22, 2011.

19. During the 2011 officer election, four members – Kevin Basnight, Al Shirah, Walter Hunt, and Robert Scott – were nominated to run for office, but were delinquent at some point during the year prior to the November 22, 2011 meeting.

20. In the year prior to or during the November 22, 2011 nominations meeting, three of these four members – Kevin Basnight, Al Shirah, and Walter Hunt – paid outstanding amounts to Local 1970 in order to regain good standing status.

21. The Election Committee determined that these three members were eligible to run for office in 2011 despite having been delinquent at some point during the year prior to their nomination.

22. Local 1970 conducted an election of officers in 2014, and held a meeting for the nomination of candidates on November 18, 2014.

23. Two members – Kevin Basnight and Dante Turner – were nominated to run for office and were delinquent in dues payments at some point during the year prior to the November 18, 2014 meeting.

24. In the year prior to or during the November 18, 2014 nominations meeting, these two members – Kevin Basnight and Dante Turner – paid outstanding amounts to Local 1970 in order regain good standing status.

25. The Election Committee determined that these two candidates were eligible to run for office in 2014 despite having been delinquent at some point during the year prior to their nomination.

26. Local 1970 conducted an election of officers in 2017, and held a meeting for the nomination of candidates on November 21, 2017.

27. Two members – Stephen Walton and John (Steve) Blount – were nominated to run for office and were delinquent at some point during the year prior to the November 21, 2017 meeting.

28. In the year prior to or during the November 21, 2017 nominations meeting, these two members – Stephen Walton and John (Steve) Blount – paid outstanding amounts to Local 1970 in order regain good standing status.

29. The Election Committee determined that these two candidates were eligible to run for office in 2017 despite having been delinquent at some point during the year prior to their nomination.

30. Local 1970 conducted an election of officers in 2020, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

31. On October 27, 2020, Local 1970 mailed a notice (the combined notice) to members about a nominations meeting to be held on November 17, 2020 and an election to be held on December 15, 2020.

32. The combined notice included a separate page that listed the qualifications for candidates in the Local 1970 Bylaws. Among these was the requirement that a candidate be "[a] member in good standing of [the] local union for at least one (1) year proceeding the date of his nomination."

33. Ronald Wright Jr. (Complainant), a member of Local 1970, was unable to work from mid-November 2019 to mid-October 2020.

34. Complainant owed Local 1970 the $35 inactive fee for the three quarters of the year he was not in paid status: January to March 31, April to June 30, and July to September 30, 2020.

35. Complainant knew that during at least the past three elections, Local 1970 had found members eligible to run for office despite having been delinquent at some point during the year prior to the nominations meeting so long as the members paid outstanding amounts and regained good standing prior to or during the nominations meeting.

36. As such, Complainant did not believe that waiting to pay his inactive fees until he returned to work would have the effect of disqualifying him as a candidate.

37. Complainant returned to work on or about October 19, 2020.

38. On October 20, 2020, Complainant attempted to pay the fees for all three inactive quarters in cash, but was told that he needed to pay by check.

39. Complainant paid the fees for all three inactive quarters by check on November 3, 2020.

40. Complainant was nominated to run for the office of President at the November 17, 2020 nominations meeting.

41. The Election Committee determined that Complainant was not eligible to run for office because he had been delinquent at some point during the year prior to the November 17, 2020 nominations meeting.

42. Complainant's disqualification meant that incumbent President Steve Walton was unopposed for the position of President.

43. There was only one nominee each for the positions of Vice President, Recording Secretary, Secretary Treasurer, Chaplain, Inner Guard, and Sergeant-at-Arms. As such, the candidates for all but one of the officer positions (Delegate to District Council) ran unopposed.

44. Prior to the election, Complainant appealed the Election Committee's decision to the Local 1970 Executive Board.

45. The Board heard Complainant's appeal at a special meeting on December 14, 2020.

46. The Board divided equally about whether Complainant should be allowed to run for President, with three voting in favor and three against. As a result of the deadlock, Complainant was deemed ineligible to run for office.

47. In a December 16, 2020 email to the Executive Board, including the Secretary-Treasurer, Complainant, a member in good standing of Local 1970, protested the determination that he was ineligible to run for office.

48. In a March 1, 2021 email to Complainant, the Local 1970 Executive Board informed Complainant of the denial of his protest.

49. By letter dated March 1, 2021, Complainant appealed the Local 1970 Executive Board's decision to the Atlantic Coast District (ACD) Executive Board.

50. In a letter dated June 21, 2021, the ACD Executive Board informed Complainant that it had denied the appeal and included a copy of a Committee Report and Recommendation that the ACD Executive had adopted as its decision.

51. By letter dated June 29, 2021, Complainant appealed the ACD Executive Board's decision to the International Executive Council (IEC) through ILA National Secretary-Treasurer Stephen Knott.

52. By letter dated October 29, 2021, the IEC denied the appeal.

53. Having exhausted the remedies available and having received a final decision, Complainant submitted a complaint to the U.S. Department of Labor on November 4, 2021, which was within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

54. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause that violations of Title IV of the Act, 29 U.S.C. §§ 481-483, occurred that have not been remedied and that may have affected the outcome of Defendant's December 15, 2020 election.

55. By letter signed December 8, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to January 24, 2022.

56. By letter signed January 14, 2022, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be further extended to February 7, 2022.

## FIRST CAUSE OF ACTION

57. Section 401(e) of the Act, 29 U.S.C. § 481(e), requires that "every member in good standing shall be eligible to be a candidate to hold office . . . subject to . . . reasonable qualifications uniformly imposed." 29 U.S.C. § 481(e).

58. "An essential element of reasonableness [of a qualification to run for office] is adequate advance notice to the membership of the precise terms of the requirement." 29 C.F.R. § 452.53.

59. Defendant did not provide adequate advance notice to members of a change in its longstanding practice of allowing members to run for office despite having been delinquent at some point during the year prior to the nominations meeting so long as the members paid outstanding amounts and regained good standing prior to or during the nominations meeting.

60. In unexpectedly departing from its longstanding practice, Defendant applied an unreasonable candidate qualification and violated Complainant's right to run for and hold office "subject to . . . reasonable qualifications uniformly imposed." 29 U.S.C. § 481(e).

## SECOND CAUSE OF ACTION

61. Section 401(e) of the Act, 29 U.S.C. § 481(e), requires that a "reasonable opportunity shall be given for the nomination of candidates."

62. Adequate notice of candidate eligibility qualifications is necessary in order for members to have a reasonable opportunity to be nominated or to nominate others to run for office.

63. Defendant failed to provide clear notice to members about whether it would depart from its longstanding practice of allowing previously delinquent members to be nominated to run for office or if it would strictly apply its continuous good standing requirement in its Bylaws in the 2020 election.

64. Complainant paid his fees late in reliance on Defendant's longstanding practice of allowing previously delinquent candidates to run for office if those arrears were paid at or before the time of nomination.

65. Other members interested in running for office may have paid their fees late in reliance on Defendant's longstanding practice of allowing previously delinquent candidates to run for office.

66. Some of these members may have been confused upon receiving the combined notice that listed candidate qualifications from the Bylaws, including the qualification that a member be in good standing for one year prior to being nominated.

67. The uncertainty about how the good standing candidate qualification would be applied may have dissuaded members from running for office, resulting in a denial of the reasonable opportunity to nominate or be nominated to run for office.

68. The above violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the election for the offices of President, Vice President, Recording Secretary, Secretary Treasurer, Delegate to District Council, Chaplain, Inner Guard, and Sergeant-at-Arms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of President, Vice President, Recording Secretary, Secretary Treasurer, Delegate to District Council, Chaplain, Inner Guard, and Sergeant-at-Arms to be void;

(b) directing Defendant to conduct a new election, including new nominations, for these offices under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

        Respectfully submitted,

        BRIAN M. BOYNTON,
        Acting Assistant Attorney General

        JESSICA D. ABER
        United States Attorney

By:    /s/
        Sean D. Jansen, Assistant U.S. Attorney
        Virginia State Bar No. 82252
        Counsel for Plaintiff
        Office of the United States Attorney
        101 West Main Street, Suite 8000
        Norfolk, VA 23510-1671
        Phone: (757) 441-6331
        Fax: (757) 441-6689
        Email: sean.jansen@usdoj.gov

Of Counsel:

SEEMA NANDA
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management and Civil Rights Enforcement

CLAIRE KENNY
Attorney

U.S. Department of Labor